UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA      :    **INDICTMENT**

          - v. -            :    08 Cr.

CONSTANZA ESTUPINAN-JARAMILLO,:

          Defendant.

- - - - - - - - - - - - - - - - x

**08 CRIM 321**

**COUNT ONE**

The Grand Jury charges:

1.    In or about February 2008, in the Southern District of New York and elsewhere, CONSTANZA ESTUPINAN-JARAMILLO, the defendant, together with others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.    It was a part and an object of the conspiracy that CONSTANZA ESTUPINAN-JARAMILLO, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 10 2008

OVERT ACTS

3.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York, and elsewhere:

a.    On or about February 20, 2008, CONSTANZA ESTUPINAN-JARAMILLO, the defendant, met with and received four shampoo bottles containing heroin from a co-conspirator not charged herein in New York, New York.

b.    On or about February 24, 2008, CONSTANZA ESTUPINAN-JARAMILLO, the defendant, provided the co-conspirator identified above in subparagraph (a) with a sample of heroin in New York, New York.

(Title 21, United States Code, Section 846.)

FORFEITURE ALLEGATION

4.    As a result of committing the controlled substance offense alleged in Count One of this Indictment, CONSTANZA ESTUPINAN-JARAMILLO,  the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds said defendant obtained directly or indirectly as a result of said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to:

2

a.    A sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offense alleged in Count One of this Indictment.

<u>Substitute Asset Provision</u>

5.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

1.    cannot be located upon the exercise of due diligence;

2.    has been transferred or sold to, or deposited with, a third person;

3.    has been placed beyond the jurisdiction of the Court;

4.    has been substantially diminished in value; or

5.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 846 and 853.)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

3

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

### - v. -

### CONSTANZA ESTUPINAN-JAMARILLO

### Defendant.

### INDICTMENT

08 Cr.

(21 U.S.C. § 846.)

_____
MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.

Filed indictment. Case assigned to Judge Griesa.
—Francis, J.

SRM
4/10/08